## Hutchinson *v.* Grand Trunk Railway.

When goods are sold by number, weight, or measure, the sale is incomplete and the risk continues with the seller until the specific property is separated from the entire lot or quantity, and identified.

CASE, to recover the value of certain railroad ties. Facts found by a referee.

One Cole, having a contract with the defendants to supply them with railroad ties, contracted with the plaintiff, October 14, 1870, to deliver to him, on the line of the defendants' road, 3,000 ties, to be subject to the approval of the defendants' inspector. Cole also agreed with one Wentworth for the delivery of 100 ties on the line of the defendants' road, and soon afterwards Wentworth agreed with the plaintiff to deliver 150 ties, at thirty cents each, on the line of the defendants' road. These ties were intended as à part of the ties the plaintiff had' contracted to deliver for Cole, and Wentworth so understood it, and he and the plaintiff understood they were to be subject to the approval of the defendants' inspector. The plaintiff was to pay Wentworth in supplies, from time to time, for such ties as should be accepted on inspection, and did furnish supplies to an amount exceeding the contract price for 152 ties before May 15, 1871, although the accounts between them were not settled till April 28, 1877.

Before the middle of March, 1871, Wentworth delivered 252 ties on the line of the defendants' road,—82 in one place and 170 in another,—suitably piled on the defendants' land within about six feet of their track, according to the custom, and soon afterwards, and before May 15, notified the plaintiff that he had delivered 152 ties for him, to which the plaintiff assented, but did not see or examine them; and in April, 1871, the plaintiff notified Cole that the ties had been delivered and were ready for inspection. Prior to May 15, the defendants used 32 of the' ties delivered by Wentworth, it being their custom to use ties in this way as they had occasion, all so used being accounted for as perfect ties to Cole, and by Cole to those of whom he purchased. Prior to May 15, no ties were set apart by Wentworth as filling either of his contracts, but all remained in common, and neither the plaintiff, Wentworth, nor Cole did any act to indicate to whom payment should be made by Cole for the 32 ties.

May 15, 1871, the large pile of ties took fire by means of a spark from one of the defendants' locomotives, and 136 were burned. July 12, the ties not burned, 84 in number, were inspected, Cole and Wentworth being present, who treated the ties burned as belonging wholly to the lot deliverd by Wentworth on his contract with the plaintiff, and Cole paid Wentworth for 100 ties, and sent $4.80 by him to the plaintiff for the remaining' 16 ties not burned at 30 cents cach, and the money was duly paid to him. All other ties delivered by the plaintiff on his contract were paid for.

The defendants contended (1) that they are not liable under Gen. St., *c.* 148, *s.* 8, without proof of actual negligence, and (2) that there was no competent evidence of title in the plaintiff to the ties in controversy.

*Whidden*, for the plaintiff.

*Ray, Drew & Jordan*, for the defendants.

SMITH, J. Were the ties burned the plaintiff's or Wentworth's? Wentworth contracted with Cole to deliver 100 ties, and with the plaintiff to deliver 150 ties on the line of the road. The defendants were no party to either contract. Wentworth delivered 252 ties in all, or two more than his contracts called for, and notified the plaintiff that he had delivered 152 ties for him, "to which the plaintiff assented." To what did he assent? He made no objection that the number was two in excess of the number bargained for. It does not appear that he was informed that the 152 ties were mingled with other ties. By his contract he was to pay Wentworth for such ties only as should be accepted on inspection by the defendants' agent. It must be understood, we think, that his assent covered such a delivery as would transfer the property in 152 ties to him, if the ties should be accepted by the defendants' inspector. It is not claimed that the whole number of 252 ties was delivered to the plaintiff. What remained, then, to be done, before the property in the ties would pass to the plaintiff, was the separation and setting apart of 152 ties from the whole number. When goods are sold by number, weight, or measure, the sale is incomplete, and the risk continues with the seller until the specific property is separated and identified. 2 Kent Com. 496; *Davis* v. *Hill*, 3 N. H. 382; *Messer* v. *Woodman*, 22 N. H. 172; *Warren* v. *Buckminster*, 24 N. H. 337; *Fuller* v. *Bean*, 34 N. H. 290; *Ockington* v. *Richey*, 41 N. H. 275; *Bailey* v. *Smith*, 43 N. H. 141; *Prescott* v. *Locke*, 51 N. H. 94, 99; *Jenness* v. *Wendell*, 51 N. H. 63, 69; *Smart* v. *Batchelder*, 57 N. H. 140; *Riddle* v. *Varnum*, 20 Pick. 280; *Macomber* v. *Parker*, 13 Pick. 175; *Foster* v. *Ropes*, 111 Mass. 10.

It is contended that this question is one of intention, and that if the plaintiff and Wentworth intended that the property in the 152 ties should pass to the plaintiff, then it did pass, notwithstanding they had never been separated from the larger number. The intent is to be ascertained, not from the single fact of delivery, but from all the language and conduct of the parties. *Fuller* v. *Bean*, 34 N. H. 303; *Foster* v. *Ropes*, 111 Mass. 10, 16. Wentworth contracted to sell the plaintiff, not $\frac{150}{250}$ of 250 ties, but 150 ties. Of the 252 ties delivered, it never was ascertained which were the plaintiff's 150 or 152, and which Cole's 100. The plaintiff's ties never having been separated from the 252, it cannot be determined that the 136 ties burned, or that the 32 ties used by the defendants, were a portion of his 150 or 152. If Cole had refused to accept the ties, the plaintiff could not have maintained an action for his refusal; nor, if the defendants had converted the ties to their own use, could the plaintiff have maintained trover therefor.

There was no such delivery as would have prevented Wentworth's creditors from attaching and holding the whole number.

The fact that Wentworth was paid for the ties with supplies furnished from time to time by the plaintiff, does not change this result. They were advances to be applied in payment, after the completion of the contract; and the contract was not completed, because the plaintiff's ties were not separated from the whole number. The defendants are not estopped to deny that the delivery was complete. They took no part in the settlement made by Cole with Wentworth, and had no interest in either of his contracts.

*Judgment for the defendants.*

STANLEY, J., did not sit: the others concurred.